IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

**KIMBERLEY M. PENDLETON**  :  CHAPTER 13
: 
Debtor   :  BANKRUPTCY NO. 17-14976-sr

**STIPULATION**

NOW COME Eastern Savings Bank, FSB ("ESB"), and Debtor, by and through their duly authorized and undersigned counsel, and file the following Stipulation in resolution of Debtor's Motion for an Expedited Hearing to Impose the Automatic Stay Under 11 U.S.C. sec. 362 (c)(4) ( the "Motion"), and related matters:

1. ESB consents to the relief requested in the Motion, specifically, the imposition/re-imposition of the automatic stay of 11 U.S.C. sec. 362 (a) in the instant bankruptcy.

2. In consideration of (1) above, Debtor agrees as follows:

(a) All post-petition payments due to ESB shall be made on or before the first day of the month in which each payment is due.

(b) Should any post-petition payment not be received by ESB when due, and such payment and any late charges relating thereto remain unpaid by the 16th day of the month, ESB will issue written notice to Debtor and Debtor's counsel, which notice shall provide that the payment and any late charges must be received by ESB within ten (10) days of the date of such notice. Notwithstanding any of the foregoing, ESB shall be under no obligation to accept any payment(s) received by ESB from or on account of Debtor after the expiration of the aforementioned ten (10) days.

(c) Nothing contained in (b) above shall prohibit any written notice given under (b) above to encompass multiple outstanding post-petition payments and late charges.

(d) If payment is not received by ESB within the ten (10) day period referred to in (b) above, ESB may certify the default to the Court and have the Court enter an Order granting ESB relief from the automatic stay, together with a 180-day bar on refilings from the date of such Order. Such Order shall

also indicate that the stay of proceedings under Bankruptcy Rule 4001 (a)(3) shall not apply, and that ESB may immediately enforce the provisions of the Order.

(e) Notwithstanding anything to the contrary that may be contained in this Stipulation, the notice and opportunity to cure procedure set forth in (b) and (c) above shall be limited to three (3) instances. In the event of a fourth or further post-petition payment default, ESB shall be able to immediately certify the default to the Court and obtain the Order described in (d) above, without the necessity of prior notice and/or opportunity to cure.

(f) In the event of a dismissal of the instant bankruptcy, there will be a 180-day bar on any refilings by Debtor. The effectuation of such 180-day bar in the event of a dismissal of the instant bankruptcy shall be by letter request of counsel for ESB to the Court, enclosing a proposed Order for entry by the Court imposing the bar, which shall run from the date of entry of such Order. Debtor shall not oppose any of the provisions of this subsection (f).

(g) In the event that the instant case is converted to a Chapter 7 filing, counsel for ESB may immediately submit, by letter request to, and for entry by, the Court, an Order granting ESB relief from the automatic stay, together with a 180-day bar on refilings from the date of such Order. Such Order shall also indicate that the stay of proceedings under Bankruptcy Rule 4001 (a)(3) shall not apply, and that ESB may immediately enforce the provisions of the Order. Debtor shall not oppose any of the provisions of this subsection (g).

(h) Debtor shall file an amended Chapter 13 Plan providing for the payment of ESB's entire pre-petition arrearages of the greater of either: (i) the total pre-petition arrearages set forth in any proof of claim filed by ESB in the instant bankruptcy (as may be amended or modified); or (ii) $41,904.29. Debtor shall not object to any proof of claim filed by ESB in the instant bankruptcy that is in the amount of $41,904.29 or less.

(i) Debtor hereby reaffirms the terms and provisions of ESB's mortgage and related promissory note, including but not limited to those terms and provisions concerning ESB's fees and expenses (including attorney's fees and costs).

3. This Stipulation may be executed in counterparts by original or duplicate facsimile or electronic signature, but only all such executed counterparts, taken together, shall constitute the entire Stipulation.

Respectfully submitted,

_____
BRIAN H. SMITH, ESQUIRE
Counsel for ESB

_____
BRAD J. SADEK, ESQUIRE
Counsel for Debtor

Acknowledged and Approved:

_____
for FREDERICK L. REIGLE, ESQUIRE
Standing Chapter 13 Trustee

3. This Stipulation may be executed in counterparts by original or duplicate facsimile or electronic signature, but only all such executed counterparts, taken together, shall constitute the entire Stipulation.

Respectfully submitted,

BRIAN H. SMITH, ESQUIRE
Counsel for ESB

*[signature]*

BRAD J. SADEK, ESQUIRE
Counsel for Debtor

Acknowledged and Approved:

*[signature]*

for FREDERICK L. REIGLE, ESQUIRE
Standing Chapter 13 Trustee